**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ROY KING III,** | CASE NO. 1:23 CV 2089 |
| Plaintiff, | JUDGE CHARLES E. FLEMING |
| v. | |
| **AMANDA SOUDERS,** *et al.*, | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Roy King III ("Plaintiff"), a state prisoner incarcerated in the Lorain Correctional Institution, has filed an *in forma pauperis* civil rights complaint in this case against Defendants Ohio Adult Parole Authority ("APA") Officers Amanda Souders and Greg Frankart; West Chester Police Officers Jason Flick and John Scrimizzy; APA Hearing Officer Jennifer Pribe, APA "Chairmen" Katrina Ranson and Jessica Denns; and Mrs. Pricop "in classifications at Lorain Correctional" (collectively "Defendants"). (ECF. No. 1 at PageID #3, ¶ III (B) and (C)). Plaintiff has also filed a motion for preliminary injunctive relief (ECF. No. 3) and a motion to proceed *in forma pauperis.* (ECF. No. 2). Plaintiff's motion to proceed *in forma pauperis* will be granted in a separate order.

Plaintiff's pleadings are unclear, but they pertain to the revocation of his parole. He indicates that while on parole for an unspecified conviction, parole officers Souders and Frankart along with police officers Flick and Scrimizzy unlawfully searched his residence and a vehicle that was not in his name; he also alleges they falsely connected him to illegal contraband that was found. (*See* ECF. No. 1 at PageID #3-6; ECF. No. 3 at PageID #6). He contends subsequent

parole violation charges against him, and the revocation of his parole, were based on "false written statements false warrants and/or affidavits." (ECF. No. 3 at PageID #6).

He also claims there were due process violations during the revocation hearing. He asserts that Hearing Officer Pribe prevented him from using evidence he requested and ignored procedural problems he pointed out during his hearing. (ECF. No. 1 at PageID #6-7). He also states that he wrote APA Chairmen Ransom and Denns complaining about the process, but they "responded to something totally different than what [he] wrote." (*Id.* at PageID #7). He argues that "L.O.R.C.I. classifications lady Mrs. Pricop denied submitting multiple defense documents to [his] hearing." (*Id.*).

Asserting various rights violations in connection with the revocation of his parole, Plaintiff seeks money damages ($100,000 from each Defendant) and "immediate release from prison." (ECF. No. 1 at PageID #9, ¶ V).

## STANDARD OF REVIEW AND DISCUSSION

Because Plaintiff is proceeding *in forma pauperis* and seeks relief from government employees, his complaint is subject to initial screening under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). These statutes require district courts to screen all *in forma pauperis* complaints filed in federal court, and all complaints in which prisoners seek redress from governmental entities, officers, or employees, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to avoid a dismissal for failure to state a claim, a *pro se* complaint must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hill*, 630 F.3d at 470-71 (holding that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A and 1915(e)(2)(B)). Upon review, the Court finds that Plaintiff's complaint must be dismissed in accordance with §§ 1915A and 1915(e)(2)(B) because, even liberally construed, it fails to state a plausible civil rights claim upon which he may be granted relief.

First, Plaintiff has no plausible civil rights claim regarding immediate release from prison. When a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief he seeks is immediate or a speedier release, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Second, to the extent he seeks damages, any civil rights claim he is asserting is not cognizable under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner is precluded from raising federal civil rights claims in an action under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of a state conviction or sentence, unless and until the prisoner shows that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. The Sixth Circuit has repeatedly held that *Heck* applies to prisoner claims "which challenge the revocation of parole." *See Johnson v. Wilkinson*, No. 99-3475, 2000 WL 553929, at *2 (6th Cir. Apr. 28, 2000); *see also Norwood v. Michigan*, 67 F. App'x 286 (6th Cir. 2003); *Munofo v. Alexander*, 47 F. App'x 329, 331 (6th Cir. Sept. 20, 2002) (holding that *Heck* applies where a plaintiff's "allegations of procedural defects are clearly an attempt to challenge the substantive result in [a] parole hearing").

Whatever Plaintiff's specific claims against each of the Defendants are, they effectively challenge the revocation of his parole. However, he has not alleged or demonstrated that his parole revocation has been found invalid or called into question in any of the ways articulated in *Heck*. Accordingly, his civil rights claims are non-cognizable.

## CONCLUSION

For these reasons, Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) for failure to state a plausible civil rights claim upon which he may be granted relief, and his motion for a preliminary injunction is **DENIED**. The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Date: March 5, 2024

CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE